UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMY GASSETT,

    Plaintiff,

v.   CASE NO.:

PRINCE CONTRACTING, LLC, a Florida
Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AMY GASSETT ("Ms. Gassett" or "Plaintiff") files this Complaint against Defendant, PRINCE CONTRACTING, LLC ("PLC" or "Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, her attorneys' fees and costs, and any and all relief available under the FMLA.

### JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq.*

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Hillsborough County, Florida.

5. At all times relevant hereto, Plaintiff was an employee of Defendant and resided in Hillsborough County, Florida.

6. Defendant is a Florida Limited Liability Company that provides construction and development services in, among others, Hillsborough County, Florida, and is therefore within the jurisdiction of the Court.

7. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated medical leave for her serious health condition as well as her daughter's serious health condition; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

9. Ms. Gassett worked as a Junior Staff Accountant for Defendant from June 13, 2016, until her termination on February 28, 2019.

10. In all respects, Ms. Gassett was an excellent employee, who had no significant history of non-FMLA related attendance, disciplinary, or performance issues.

11. Ms. Gassett's daughter suffers from autism spectrum disorder ("ASD"), a serious health condition as defined by the FMLA.

12. Furthermore, Ms. Gassett herself suffers from Diabetes, which is also a serious health condition as defined by the FMLA.

13. Upon beginning her employment, Plaintiff informed her Supervisor, "Miguel," of her daughter's serious health condition/hospitalization and her need for leave time away from work to take her daughter to doctor appointments and otherwise manage the symptoms of her daughter's serious health condition.

14. At that time, Ms. Gassett further informed Miguel of her own serious health condition and her need manage the side effects of her volatile glucose levels.

15. As such, on or around July 2018, Ms. Gassett applied, and was approved for, intermittent FMLA leave to be used whenever her diabetes flared up, and/or when her daughter's autism necessitated intervention, care, or treatment.

16. Whenever Ms. Gassett needed to care for either her own or her daughter's serious medical condition, she timely advised PCL's management and kept them appraised of the situation as per PCL protocol.

17. The week of February 25, 2019, Ms. Gassett's insulin pump fully malfunctioned, forcing her diabetes to flare up dangerously, and necessitating urgent medical attention.

18. Pursuant to this, Ms. Gassett informed PCL managers that she was again going to utilize her intermittent FMLA.

19. To make matters worse, on February 28, 2019, while she was on her way to work, Ms. Gassett was injured when another collided into her automobile. Immediately, she let Defendant know of her predicament and sought medical attention.

20. Shockingly, once Ms. Gassett arrived at her physician's office for treatment regarding this accident, PCL Human Resources Director, Sharon Marsh ("Ms. Marsh"), called Ms. Gassett and terminated her employment, effective immediately.

21. When Ms. Gassett asked why she was being terminated, Ms. Marsh informed her that it was due to her "absences."

22. Plaintiff's termination for availing herself of FMLA leave makes the causal connection between Plaintiff's use of FMLA and her termination sufficiently clear.

23. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

24. Also, as a result of the foregoing, Defendant retaliated against Plaintiff for attempting to utilize and/or utilizing proper and authorized FMLA leave.

25. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her use of approved FMLA protected leave and for her FMLA request.

26. Any other stated reason for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

27. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

28. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

29. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28, above.

30. At all times relevant hereto, Plaintiff was protected by the FMLA.

31. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

32. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights.

33. Terminating an employee while out on FMLA leave is the very definition of interference with her rights under the FMLA.

34. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

35. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28, above.

37. At all times relevant hereto, Plaintiff was protected by the FMLA.

38. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

39. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use of FMLA protected leave and for her request for FMLA leave

40. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff attempted to exercise her rights to take approved leave pursuant to the FMLA.

41. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

42. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 1st day of March 2021.

Respectfully Submitted,

By:/s *Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Attorneys for Plaintiff*